FILED

2018 OCT 25 AM 9: 23

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.                                             Case No. 6:18-cv-01803-ORL-40GJK

REAL PROPERTY LOCATED AT
6741 SORRENTO STREET, ORLANDO,
FL, 32819

    Defendant.

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

In accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Plaintiff the United States of America brings this complaint and alleges upon information and belief as follows:

## NATURE OF THE ACTION

1.    This is a civil action *in rem* to forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and Rule G(2), the real property, attachments thereto, and appurtenances thereon, located at 6741 Sorrento Street, Orlando, Florida, 32819 (the Defendant Property) since the property was purchased with proceeds traceable to wire fraud, in violation of 18 U.S.C. § 1343. The Defendant Property is thus property constituting or

derived from proceeds traceable to a violation of an offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of Title 18) and subject to civil forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over an action commenced by the United States by virtue of 28 U.S.C. § 1345 and over an action for forfeiture by virtue of 28 U.S.C. § 1355.

3. Venue properly lies in the Middle District of Florida pursuant to 28 U.S.C. § 1395 because the Defendant Property is in the district. 28 U.S.C. § 1395(b).

4. This Court has *in rem* jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b)(1)(B), because venue properly lies in the Middle District of Florida pursuant to 28 U.S.C. § 1395.

5. Pursuant to Rule G(3)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and 18 U.S.C. § 985(c)(2), a notice of this forfeiture, as well as a copy of the complaint will be posted on the real property and served on the owners of the real property. Thereafter, neither the issuance of a warrant *in rem* nor any other action will

be necessary for the Court to exercise *in rem* jurisdiction over the property. 18 U.S.C. § 985(c)(3).

## THE DEFENDANT *IN REM*

6. The Defendant Property is the real property, attachments thereto, and appurtenances thereon, located at 6741 Sorrento Street, Orlando, Florida, 32819.

## BASIS FOR FORFEITURE

7. Pursuant to 18 U.S.C. § 1343, it is unlawful to "devise[] . . . any scheme or artifice to defraud," or to "obtain[] money or property by means of false or fraudulent pretenses, representations, or promises," if the person "transmits or causes to be transmitted by means of wire . . . communication in interstate or foreign commerce any writings . . . or sounds . . . for the purpose of executing such scheme or artifice." *Id.*

8. The Defendant Property represents the proceeds of a wire fraud scheme that operated in violation of 18 U.S.C. § 1343, as set forth further below. Because the Defendant Property was purchased with proceeds of a violation of 18 U.S.C. § 1343, it is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), which authorizes the United States to civilly forfeit any property that constitutes or is derived from proceeds traceable to a "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7). "Specified unlawful activity,"

is defined in 18 U.S.C. § 1956(c)(7) to include offenses listed in 18 U.S.C. § 1961(1), which includes wire fraud in violation of 18 U.S.C. § 1343.

9. As required by Rule G(2)(f), the facts set forth herein support a reasonable belief that the government will be able to meet its burden of proof at trial. Specifically, they support a reasonable belief that the government will be able to show by a preponderance of the evidence that the Defendant Property was purchased with proceeds of wire fraud.

10. Specific details of the facts and circumstances supporting the forfeiture of the Defendant Property have been provided by Federal Bureau of Investigation Special Agent Alexander Duda, who states as follows:

## FACTS

11. At all times relevant, Alexander Duda was employed as a Special Agent with the Federal Bureau of Investigation (FBI).

12. The United States Department of Agriculture (USDA) administers various business programs to further its mission of supporting rural communities and enhancing the quality of life for rural residents by improving economic opportunities, community infrastructure, environmental health, and the sustainability of agricultural production.

13. One of the programs administered by the USDA is the Business and Industry Guaranteed Loan Program. The purpose of the Guaranteed

4

Loan Program is to improve, develop, and finance business, industry, and employment and improve the economic and environmental climate in rural communities. As part of the program, the USDA sometimes guarantees a percentage of a loan issued to a borrower who is engaged in, or proposing to become engaged in a business that provides employment; improves the economic or environmental climate; promotes the conservation, development, and use of water for aquaculture; or reduces reliance on nonrenewable energy resources by encouraging the development and construction of solar energy systems and other renewable energy systems.

14. The Federal Agricultural Mortgage Corporation, also known as Farmer Mac, is a company that was chartered by the United States federal government to serve as a secondary market for agricultural loans. The company purchases loans from agricultural lenders. Farmer Mac was created to increase access to capital for the benefit of American agriculture and rural communities.

15. At all times relevant, Banco do Brasil S.A. was an FDIC insured bank with an office at 1221 Brickell Avenue, Suite 2200, Miami, Florida, 33131. At all times relevant, Banco Do Brasil used the email domain "bbamericas.com."

16. At all times relevant, Unison Realty Partners, LLC (Unison Realty Partners) was a Florida Limited Liability Company whose registered agent and manager was Kevin Timirchand. The principal and mailing address for Unison Realty Partners was 1001 Brickell Bay Dr, Suite 2700, Miami, Florida 33131.

17. Prior to June 29, 2017, Nikesh Patel devised and executed a scheme to defraud Farmer Mac. In furtherance of the scheme, Nikesh Patel and Timirchand "created" three fictitious Banco Do Brasil loans and fraudulently pretended to be "Ron Elias," a fictitious employee of Banco Do Brasil. Under false pretenses, Nikesh Patel and Timirchand caused the USDA to guarantee a portion of the fictitious loans which were subsequently sold to Farmer Mac.

18. Specifically, Nikesh Patel and Timirchand "created" three fictitious Banco Do Brasil loans totaling $27.6 million and sold the USDA-guaranteed portion of the loans to Farmer Mac for $19.3 million. The $19.3 million in fraud proceeds was deposited into accounts under the control of Kevin Timirchand and a portion of the proceeds was used to purchase the Defendant property.

19. The last such loan was purchased by Farmer Mac on January 11, 2018. In an effort to dupe Farmer Mac into purchasing that loan, on January

9, 2018, Timirchand posing as Banco Do Brasil employee "Ron Elias" sent a communication from a bogus email address (ron@bbamericassba.com) to Farmer Mac employee Judy S.M. stating as follows:

> Judy, I am out of the office for the next few days on vacation. I have limited access to email as well as phone. I see that there are two outstanding issues on the online loan application for settlement. Both these issues are related to the USDA. Since I'm out of the office I think it would be best if you resolved these with Mr. Adamchek at the USDA. Lastly I do not see the Farmer Mac loan purchase agreement for me to execute on the online application. When do you think that will be available?

The email indicated that "Ron Elias" was "VP – Guaranteed Lending" at Banco do Brasil, with phone number 786-381-9382.

20. Unbeknownst to Farmer Mac, Banco Do Brasil: (1) did not control or use the domain "bbamericassba.com" (it used the domain "bbamericas.com"); (2) did not have an employee named "Ron Elias"; and (3) did not have a "VP of Guaranteed Lending."

21. During the purchase process, "Ron Elias" provided loan documents to Farmer Mac that contained the Banco Do Brasil letterhead and included the address 1001 Brickell Bay Drive, Suite 2700, Miami, Florida 33131. Unbeknownst to Farmer Mac, Banco Do Brasil did not do business at the 1001 Brickell Bay Drive address. Rather Unison Realty Partners, whose registered agent and manager was Timirchand, used the 1001 Brickell Bay Dr, Suite 2700 address.

22. The telephone number that "Ron Elias" provided Farmer Mac, 786-381-9382, is not a Banco Do Brasil telephone number. When Nikesh Patel was arrested, he was in possession of a Samsung cellular phone with the number 786-381-9382

23. On January 11, 2018, Farmer Mac purchased $7,000,000.00 of a bogus Banco do Brasil loan presented to it by fictitious employee "Ron Elias", and wired the purchase amount to Unified Legal Group PA with a memo stating, "For further credit to Client: BB America Cash Management."[1]

24. Records obtained from Iberia Bank show that an account in the name of Unified Legal Group received a wire transfer in the amount of $7,000,000.00 on January 11, 2018, from a PNC Bank account associated with Farmer Mac. On that same date, Unified Legal Group sent a $6,495,000.00 wire transfer to a Unison Realty Partners account at Morgan Stanley and a $300,000 wire transfer to a Chase Bank account in the name of BB America Cash Management LLC, Orlando, Florida. Prior to the wire transfer, the Unison Realty Partners account had a balance of $30,240.61. Timirchand was the registered agent and manager of Unison Realty Partners.

25. BB America Cash Management, LLC is a Florida Limited Liability Company. The registered agent and manager is Kevin Timirchand.

---

[1] The $7,000,000.00 loan purchased by Farmer Mac was the USDA-guaranteed portion of the $10,000,000.00 bogus loan.

The mailing address for BB America Cash Management, LLC is 1001 Brickell Bay Dr., Suite 2700, Miami, Florida 33131.

26. The $7,000,000.00 loan purchased by Farmer Mac on January 11, 2018, was the last of three fictitious loans purchased by Farmer Mac in this scheme totaling $19.3 million. The first loan purchased by Farmer Mac was on June 29, 2017 in the amount of $5,823,392 and the second loan was purchased on October 12, 2017 in the amount of $6,510,000.

27. With respect to the second loan, on October 12, 2017, Farmer Mac purchased through "Ron Elias" $6,510,000.00 (the USDA-guaranteed portion) of a $9,300,000.00 fictitious Banco Do Brasil loan and wired the purchase amount to Unified Legal Group's Iberia Bank account. That same date, Unified Legal Group wired $2,000,000 to Morgan Stanley account number 476-086110-045 in the name of Unison Realty Partners LLC. The sole signatory on the Morgan Stanley account was Timirchand. There was a zero balance in the Morgan Stanley account immediately prior to the receipt of the $2 million wire transfer. Following the receipt of the $2 million wire transfer, multiple disbursements were made from the Morgan Stanley account including a disbursement via check in the amount of $350,000 made payable to The Closing Agent LLC. The memo section of the check referenced "6741 Sorrento home loan proceeds" and also a notation of "1718700."

28. Public records research shows that the reference of "6741 Sorrento" in the memo portion of the check relates to a property having an address of 6741 Sorrento Street, Orlando, FL 32819, the address of the Defendant Property. According to public records, the Defendant Property is currently owned by Dharmenda J. Patel and Dhariniben D. Patel, husband and wife. The property was purchased on November 2, 2017. The settlement agent is identified on the Warranty Deed as The Closing Agent LLC having an office at 11 Summerlin Avenue, Suite 100, Orlando, FL 32801.

29. The records from The Closing Agent LLC show that the number "1718700" referenced on the $350,000 check from the Unison Realty Partners account is the settlement file number assigned to the closing of the Defendant Property by The Closing Agent LLC. The records indicate that the buyers of the Defendant Property are Dharmenda J. Patel and Dhariniben D. Patel, husband and wife, and that the closing occurred on November 2, 2017.

30. Included among the records in the settlement file of The Closing Agent LLC was a one-page affidavit signed by Kevin Timirchand, which indicated, in substance, that the check for $350,000 drawn from the account of Unison Realty Partners represents a loan from Unison Realty Partners for the purchase of the Defendant Property. The affidavit further indicates that any

excess funds following the purchase of the Defendant Property can be retained by the buyer, Dharmendra Patel, for improvements.

31. The check for $350,000 was deposited into the escrow account of The Closing Agent LLC and was used for the purchase of the Defendant Property. The purchase price of the property was $312,000 and none of the excess funds were returned to Unison Realty Partners.

32. On September 10, 2018, Special Agent Duda interviewed Dharmendra Patel who stated that Nikesh Patel arranged for Dharmendra Patel and his wife to get a loan from a company owned by "Kevin" and "Kevin" sent a check directly to the closing agent for the purchase of the Defendant Property.

33. On or about February 22, 2018, Timirchand was arrested for conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371, in relation to the above fraud scheme.

34. On March 27, 2018, Timirchand pled guilty to conspiracy to commit wire fraud and admitted that he and Patel made misrepresentations that caused USDA to guarantee fraudulent loans and caused Farmer Mac to purchase the USDA-guaranteed portion of the fictitious loans.

35. Based on the totality of the circumstances, probable cause exists to believe that the Defendant Property is subject to forfeiture to the United

States under 18 U.S.C. § 981(a)(1)(C) as proceeds of a wire fraud in violation of 18 U.S.C. § 1343.

## CONCLUSION

35. As required by Supplemental Rule G(2)(f), the facts set forth herein support a reasonable belief that the government will be able to meet its burden of proof at trial. Specifically, probable cause exists to believe that the Defendant Property was purchased with proceeds of a wire fraud scheme that operated in violation of 18 U.S.C. § 1343 and is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

Dated: October 22, 2018

Respectfully Submitted,

MARIA CHAPA LOPEZ
United States Attorney

By: _____
JAMES A. MUENCH
Assistant United States Attorney
Florida Bar Number 472867
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
(813) 274-6000 – telephone
E-mail: james.muench2@usdoj.gov

## VERIFICATION

I, Alexander Duda, hereby verify and declare under penalty of perjury, that I am a Special Agent with the United States Federal Bureau of Investigation, and pursuant to 28 U.S.C. § 1746: (1) I have read the foregoing Verified Complaint for Forfeiture *in Rem* and know the contents thereof; and (2) that the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the Federal Bureau of Investigation, as well as my investigation of this case together with other law enforcement agents. I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Executed this 19 day of October, 2018.

_____
ALEXANDER DUDA
Special Agent
Federal Bureau of Investigation

JS 44 (Rev. 11/15)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

(b) County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS
Real property located at 6741 Sorrento Street, Orlando, FL 32819

County of Residence of First Listed Defendant  Orange
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☒ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | PROPERTY RIGHTS | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | LABOR | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | PERSONAL PROPERTY | ☐ 710 Fair Labor Standards Act | SOCIAL SECURITY | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | IMMIGRATION | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | Other: | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. 981(a)(1)(C)

Brief description of cause:
purchase with proceeds traceable to wire fraud, in violation of 18 U.S.C. § 1343

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 10/23/18

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____